**In re RADEL.**

Court of Claims of Ohio,
Victims of Crime Division.

No. V91–79586.

Decided Sept. 22, 1993.

*Gerald P. Wolfe II,* for Thomas E. and Crystal T. Radel.

*Lee Fisher,* Attorney General, for the state.

ORDER OF THREE-COMMISSIONER PANEL.

This cause came to be heard before this panel of three commissioners on August 5, 1993 at 11:00 a.m. upon the applicant's March 15, 1993 objection and notice of appeal to the February 18, 1993 decision of the single commissioner. The single commissioner had granted the applicant an award of reparations for allowable expense in the amount of $781.65. Counsel for the applicant and the Attorney General attended the hearing and presented oral argument for this panel's review and consideration.

At the hearing, counsel for the applicant argued that applicant is entitled to an award of reparations in the amount of $25,000 because the applicant was forced to pay this amount in settlement of the subrogation claims of applicant's health insurance carrier, Community Mutual Insurance Company. Counsel stated that applicant settled the subrogation claims of Community Mutual Insurance Company out of monies received under insured motorists provisions of applicant's own automobile insurance policy. Counsel further requested that Thomas E. Radel be permitted to file a supplemental reparations application should he incur additional medical expenses as a result of the criminally injurious conduct as he is unable to find a health insurance carrier that will cover treatment for injuries resulting from the subject auto accident.

The Attorney General argued, conversely, that were the court to grant applicant an award of reparations for reimbursement of the $25,000 paid to Community Mutual under the subrogation agreement, the reparations fund would, in effect, be rendered a collateral source to Community Mutual. The Attorney General further stated that such an award would be in blatant contravention of the subrogation provisions of R.C. 2743.72. We agree.

From review of the file, with full consideration given to the oral argument presented at the hearing, this panel finds the findings of fact and conclusions of law of the single commissioner properly address the issues and interpret the law. The aforesaid findings of fact and conclusions of law shall be adopted as our own. Therefore, the February 18, 1993 decision of the single commissioner must be overruled.

IT IS THEREFORE ORDERED THAT:

1. The February 18, 1993 order of the single commissioner (Jr. Vol. 1148, Pgs. 37–38) is APPROVED and AFFIRMED;

2. The clerk shall certify the February 18, 1993 judgment, in the amount of $781.65, to the Director of the Office of Budget and Management for payment to the applicant pursuant to R.C. 2743.191;

3. This award is expressly conditioned upon the subrogation provisions of R.C. 2743.72, which require any benefits or advantages received from any collateral source, including the offender, be repaid to the state of Ohio;

4. This order is entered without prejudice to the applicant's right to file a supplemental reparations application pursuant to R.C. 2743.68 if the applicant incurs economic loss not considered in this determination and not reimbursed from other persons, including collateral sources;

5. This order is entered without prejudice to the applicant's right to file a supplemental reparations application pursuant to R.C. 2743.60(D) and 2743.68 if the applicant submits timely application to a collateral source for payment but does not receive reimbursement from that source;

6. Costs be assumed by the Reparations Fund.

*So ordered.*

STEVEN A. LARSON, DALE A. THOMPSON and WILLIAM A. CARROLL, Commissioners, concur.